UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-25178

HENRY RUBEN MURALLES GONZALEZ,

    Plaintiff,

vs.

ELIANA CORPORATION,
DOMINGO MARTE, and
MIGUEL A. MARTE,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Henry Ruben Moralles Gonzalez, sues Defendants, Eliana Corporation, Domingo Marte, and Miguel A. Marte, for unpaid overtime wages, liquidated damages, and attorneys' fees as follows:

*Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Henry Ruben Moralles Gonzalez**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old. He was an employee of Defendants as the term "employee" is defined under Florida law and consents to participate in this lawsuit.

2.     **Defendant, Eliana Corporation**, is a for profit Florida company that is *sui juris* and has operated its gas station and convenience store business here, in Miami-Dade County, Florida, at all times material.

3.     **Defendant, Domingo Marte**, was and is an owner and operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

1

4. **Defendant, Miguel A. Marte**, was and is an owner and operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

5. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d). All Defendants employed Plaintiff.

6. This Court has jurisdiction over Plaintiff's FLSA claims.

7. Venue is proper in this Court pursuant because Defendants transact business in Miami-Dade County, they maintain their office and principal place of business and/or live in Miami-Dade County, and also because Defendants employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within this County.

## *Background Facts*

8. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

9. Defendants have been at all times material engaged in interstate commerce in the course of their sale of gasoline, automotive products, produce, foodstuffs, beverages, and products that have moved through interstate commerce while using machinery, appliances, and credit card processing machinery that also have moved through interstate commerce.

10. Furthermore, Defendants regularly and recurrently obtain, exchange, and send/receive funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

2

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

11. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

12. In particular, Defendants own and operate a gasoline station which not only sells gasoline and automotive products, but which also has a small convenience store.

13. Plaintiff worked for Defendants from July 2009 to November 8, 2016.

14. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

15. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his regularly and recurrently transmitting credit and debit card information across state lines using a credit card terminal (manufactured/assembled outside of the state of Florida), phone lines, while also utilizing a cash register and other materials and supplies, as well as goods and materials that arrived through interstate commerce prior to his contact with same.

16. Defendants paid Plaintiff the amount of $8.50 per hour until 2014, when Defendants increased his pay to $9.50 per.

17. Plaintiff worked approximately 58 hours each week, except for the last twelve months of his employment, when he worked 78 hours per week, for which Defendants paid him received straight time for all hours worked.

18. Defendants paid Plaintiff in cash each week, without ever providing him with any statement or other document to identify the hours he worked or his rate of pay.

19. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

20. All conditions precedent have been satisfied by Plaintiff or waived by Defendants.

*Liability*

21. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular rate of pay for all hours worked over 40 hours in a workweek.

22. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half his regular rate of pay for each of the overtime hours worked during the past three years.

23. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the past three years violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the overtime pay earned.

24. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Henry Ruben Moralles Gonzalez, demands the entry of a judgment in his favor and against Defendants, Eliana Corporation, Domingo Marte, and Miguel A. Marte, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recovers compensatory damages for all time worked and an equal amount of liquidated damages for the past three (3) years as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recovers pre-judgment interest if the Court does not award liquidated damages,

c. That Plaintiff recovers an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recovers all interest allowed by law;

4

e. That Defendants be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

f. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 14th day of December, 2016.

        Respectfully Submitted,

        FAIRLAW FIRM
        *Counsel for Plaintiff*
        7300 N. Kendall Drive
        Suite 450
        Miami, FL 33156
        Tel:   305.230.4884
        Fax:   305.230.4844

        s/*Brian H. Pollock, Esq.*
        Brian H. Pollock, Esq.
        Fla. Bar No. 174742
        brian@fairlawattorney.com

5

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com   www.fairlawattorney.com